UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GRANVILLE ROSE**                           **CIVIL ACTION**

**VERSUS**                                   **NO. 15-880**

**CAMILLE BURAS, ET AL.**                    **SECTION "A"(3)**

### REPORT AND RECOMMENDATION

Plaintiff, Granville Rose, a state prisoner, filed this federal civil rights complaint against Orleans Parish Criminal District Court Judge Camille Buras, former Orleans Parish District Attorney Eddie Jordan, Clerk of Court Arthur Morrell, New Orleans Police Officer Floyd Truhill, Myrtle Gathe Thompson, Stacey Thompson, Latoya Gathe, and the State of Louisiana. Plaintiff subsequently filed an amended complaint adding Martin Regan, Karla Baker, Aris Cox, Thomas Calogero, and Aaron Rives as additional defendants. Although plaintiff's complaint is largely nonsensical, he appears to be asserting the following claims:

1. Judge Buras improperly coerced plaintiff into pleading guilty to a charge of aggravated rape by stating that the prosecution was seeking the death penalty.

2. The prosecution was (or should have been) aware that the physical evidence proved that the victim had not in fact been raped.

3. Judge Buras improperly denied a motion to recuse herself and a motion to correct an illegal sentence.

4. The police report was fraudulent.

5. Plaintiff received ineffective assistance of counsel.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ...."  28 U.S.C. § 1915A(b)(1).  This screening provision applies even where, as here, the prisoner has paid the filing fee.  Thompson v. Hayes, 542 Fed. App'x 420 (5th Cir. 2013); Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998).  Although broadly construing plaintiff's complaint, as amended,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous.

Even if plaintiff could somehow overcome the myriad other obstacles which would appear to prevent him from obtaining relief in this lawsuit,[2] there is one he clearly cannot:  Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court explained that a prisoner may not bring a federal civil rights claim if a finding in his favor on that claim would necessarily imply the invalidity of an outstanding criminal conviction or sentence.  The Court stated:

---

[1]  The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2]  For example, it appears that several of the defendants would be entitled to immunity – Judge Buras would presumably be protected by her absolute judicial immunity, Jordan by his prosecutorial immunity, and the State of Louisiana by its immunity under the Eleventh Amendment.  Further, the most reasonable construction of plaintiff's complaint is that he is seeking relief under 42 U.S.C. § 1983; however, the majority of the remaining defendants may not be held liable under § 1983 because they are not state actors.  Lastly, in any event, it appears that plaintiff's claims are based on acts and omissions that occurred many years ago; if so, it appears that some or all of his claims may be prescribed.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted).  Heck has since been extended also to bar claims for declaratory and injunctive relief.  See, e.g., Lavergne v. Clause, 591 Fed. App'x 272, 273 (5th Cir. 2015).

Because all of plaintiff's claims in this lawsuit seek to undermine his conviction, and because a finding in his favor on those claims would necessarily imply the invalidity of that conviction, his claims are barred by Heck.  Claims barred by Heck are legally frivolous.  Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996).  Accordingly, pursuant to 28 U.S.C. § 1915A(b)(1), plaintiff's claims should be dismissed with prejudice to their being asserted again until the Heck conditions are met.[3]

Additionally, because plaintiff's complaint is subject to immediate dismissal for the foregoing reasons, he obviously is not entitled to the temporary restraining order and preliminary injunction he seeks in this proceeding.

---

[3] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's motion for a temporary restraining order and preliminary injunction, Rec. Doc. 12, be **DENIED**.

It is **FURTHER RECOMMENDED** that plaintiff's claims be dismissed with prejudice to their being asserted again until the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twelfth day of May, 2015.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.